UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH W. SMITH, | ) |
| Petitioner | ) |
| vs. | ) CAUSE NO. 3:07-CV-443RM |
| ED BUSS, Supt., | ) |
| Respondent | ) |

## OPINION AND ORDER

Joseph Smith was convicted in a jury trial of murder, and the Indiana Court of Appeals affirmed in an unpublished opinion. The trial court denied Mr. Smith's petition for post-conviction relief, and the Indiana Court of Appeals dismissed his appeal from that ruling, finding that Mr. Smith had not filed his notice of appeal in a timely manner. The Indiana Supreme Court denied Mr. Smith's petition for transfer.

Mr. Smith filed a petition for writ of habeas corpus in this court. He argues that he was denied a fair trial because he wasn't allowed to confront, at his post-conviction relief hearing, the expert witness who had testified at trial; that the jury was given an improper jury instruction; that he received ineffective assistance of trial and appellate counsel in several respects; and that he was denied due process when the Indiana Court of Appeals dismissed his appeal. Of those issues, the only one considered in any sense by the Indiana appellate courts is the last one. The only issue on Mr. Smith's direct appeal was the sufficiency of the evidence to disprove his defense of self-defense; he does not raise that argument

in his habeas petition.

One seeking federal habeas corpus from a state conviction must first exhaust all available state remedies, 28 U.S.C. § 2254(b)(1)(A), by fully and fairly presenting all his federal claims to each level of review in the state system. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Sturgeon v. Chandler, 552 F.3d 604, 610 (7th Cir. 2009). Mr. Smith didn't do that; his attempt was derailed when his notice of appeal was found to be untimely. "When a petitioner presents a defaulted claim for federal habeas review, we may consider it only if he can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice." Crockett v. Hulick, 542 F.3d 1183, 1193 (7th Cir. 2008). Mr. Smith's challenge to the court of appeals' dismissal of his appeal is an argument that the court of appeals' finding was illogical.

This court cannot grant habeas corpus based on a disagreement over facts unless the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). There was nothing unreasonable about the court of appeals' finding. It ordered Mr. Smith to show cause why his appeal shouldn't be dismissed for untimeliness, and he responded that he deposited his notice of appeal with the prison mail system in a timely manner, but he didn't include any documentation to support that claim. Mr. Smith's reconsideration motion contained no such documentation (neither, for that matter, did his habeas petition). Since Mr. Smith claimed to have deposited his notice of appeal with the prison mail system on July

24, 2006 and the court of appeals didn't receive in until August 17, 2006, there was nothing unreasonable in the court of appeals' finding that Mr. Smith didn't place his notice of appeal in the prison mail system on July 24.

The Indiana Rules of Appellate Procedure require an appealing party to filed a notice of appeal within thirty days of final judgment. IND. APP. RULE 9(A)(1). A timely notice of appeal is jurisdictional; untimely conduct forfeits the appeal. Greer v. State, 685 N.E.2d 700, 703 (Ind. 1997); Impson v. State, 721 N.E.2d 1275, 1285 (Ind. Ct. App. 2000); Neville v. State, 694 N.E.2d 296, 297 (Ind. Ct. App. 1998).

Mr. Smith hasn't shown cause for his failure to exhaust his available state remedies. Accordingly, the court DENIES the petition for writ of habeas corpus.

SO ORDERED.

ENTERED:  February 26, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

3